C. B. Patterson v. The State.

No. 20869. Delivered March 13, 1940.

The opinion states the case.

*Heidingsfelder & Wander, Frank Campbell,* and *David R. Rosenthal,* all of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is theft; the punishment, confinement in the penitentiary for two years.

The injured party, L. D. Robinson, testified that he lost a Maytag washing machine from his premises on the 3rd day of April, 1939. He said he bought the machine July 22, 1936, it being new at the time. He paid $156.16 for it. The machine was used about once a week to do the home laundry. At the time it was stolen it was in the open near a well. Recently after the theft appellant was found in possession of the machine. A witness for appellant testified that the reasonable market value of the washing machine was $15.

It is shown in bill of exception No. 2 that the injured party testified that the reasonable market value of the machine was $65. He based his opinion on conversations he had with Mr. Schwartz and Mr. Bartay. In bill of exception No. 3 it is shown that on cross-examination the injured party testified that in talking to Mr. Schwartz and Mr. Bartay he told them that his Maytag washing machine was about two years old. He did not inform them that the machine was approximately two years and nine months old. Counsel for appellant requested the court to withdraw from the consideration of the jury the testimony of the witness to the effect that the reasonable market value of the machine was $65, such request being based upon the fact that the witness testified that it was only pursuant to his conversations with Mr. Bartay and Mr. Schwartz that he was acquainted with the market value of the machine. This request should have been granted. We quote from 41 Texas Jurisprudence 27, as follows: "Value as it relates to stolen property is the market value at the time and place of the taking, or, in case of property without a market value, the cost of replacing it." In view of the fact that there was a sharp issue as to the market value of the machine, we are constrained to hold that the refusal of the court to withdraw the testimony constitutes reversible error.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.